**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **REBECCA FIELD EMERSON,** | **CIVIL ACTION** |
| **v.** | **NO. 21-3096** |
| **STERN & EISENBERG, P.C.** | |

## MEMORANDUM RE: DEFENDANTS' MOTION TO DISMISS

Baylson, J.                                                                                    October 17, 2022

Defendant, Stern & Eisenberg, P.C., has filed a Partial Motion to Dismiss in this case arising from a dispute over Plaintiff Rebecca Field Emerson's allegations that Defendant discriminated against her based on her sexual orientation, gender, age, and disability and engaged in retaliation.  Plaintiff brings the following ten claims:

1. **Count I**: Sexual orientation discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII") 42 U.S.C. § 2000e et seq.,

2. **Count II**: Sexual orientation discrimination under the Pennsylvania Human Relations Act ("PHRA") 43 Pa. Stat. § 951 et seq.,

3. **Count III**: Age discrimination under the Age Discrimination in Employment Act ("ADEA") 29 U.S.C. § 621 et seq.,

4. **Count IV**: Age discrimination under the PHRA,

5. **Count V**: Disability discrimination under the Americans with Disabilities Act of 1990 ("ADA") 42 U.S.C. § 12101 et seq.,

6. **Count VI**: Disability discrimination under the PHRA,

7. **Count VII**: Gender/sex discrimination under Title VII,

8. **Count VIII**: Gender/sex discrimination under the PHRA,

9. **Count IX**: Retaliation under the ADA, and

10. **Count X**: Retaliation under the PHRA

In Defendant's Motion to Dismiss, Defendant argues that Plaintiff has not alleged adequate facts to plead an inference of sexual orientation, gender, age, and disability discrimination. (Def.'s Br. in Supp. of Its Mot. to Dismiss Cts. I-VIII of Pl.'s Am. Compl. ("Mot. to Dismiss") (ECF 15) at 1). Plaintiff filed a Brief in Opposition to Defendant's Motion to Dismiss (ECF 16) ("Opp. Br.").

Upon review of the record and arguments made by the parties this Court will grant the Motion to Dismiss as to Counts I, II, VII, and VIII (the claims of sexual orientation and gender discrimination) without prejudice and with leave to amend, and deny the Motion to Dismiss as to Counts III, IV, V, and VI (the claims of age and disability discrimination).

## I.    SUMMARY OF ALLEGED FACTS AND BRIEFING

As alleged by Plaintiff, the events giving rise to this case are as follows. Plaintiff, a woman, was born on May 21, 1959 and identifies as a lesbian. (Am. Compl. ¶¶ 20, 120.) Plaintiff is an attorney who began working for Terra Abstract, a related entity of Defendant, on February 1, 2017, and began working directly for Defendant in the position of Director of Business Law in or around October 2017. (Id. at ¶ 22, 24.) Her identity as a lesbian was known by Defendant "throughout" the firm. (Id. at ¶ 25.)

Throughout her employment, Plaintiff felt that she was subjected to implicit bias because other employees would make comments and ask questions not asked of similarly situated employees, such as whether Plaintiff was the biological mother of her children. (Id. at ¶¶ 27-31.) Plaintiff alleges that these comments created a hostile work environment based on Plaintiff's sexual orientation. (Id. at ¶ 29.)

Plaintiff alleges that in January 2020, the Defendant's Operations Manager began to put pressure on Plaintiff to expand her job duties and "dramatically increased" Plaintiff's workload. (Id. at ¶ 32.)  Plaintiff felt that this conduct was an attempt to push her out of her employment.  (Id. at ¶ 33.)  Plaintiff complained about this conduct to her direct supervisor, but the behavior continued.  (Id. at ¶ 34-35.)

On or around February 25, 2020, Plaintiff was diagnosed with hypertension by her primary care physician and was hospitalized for her condition.  (Id. at ¶¶ 36, 38-39.)  Because the "major life activities affected by hypertension are caring for oneself and working," Plaintiff requested to work remotely due to her concerns regarding the COVID-19 pandemic, as both Plaintiff and her wife were considered high-risk for infection.  (Id. at ¶¶ 37, 41.)  Plaintiff's request was granted by Defendant.  (Id. at ¶ 42.)  Four days after the request, Plaintiff was laid off by Defendant, purportedly due to lack of work.  (Id. at ¶ 43.)  Plaintiff alleges that this reason was pretextual, as her job duties were relatively unaffected by the COVID-19 pandemic.  (Id. at ¶ 44.)  Plaintiff learned that Defendant distributed her job duties to other attorneys who were younger than her. (Id. at ¶¶ 46-49.)  Upon information and belief, Plaintiff was the oldest attorney that was furloughed or terminated and subsequently not rehired by Defendant.  (Id. at ¶ 52.)  The Amended Complaint is silent as to whether Plaintiff tried or succeeded in finding a job after her termination.

Plaintiff filed a Charge of Discrimination with the EEOC, which was dismissed on April 12, 2021.  (Id. at ¶¶ 13-15.)  On July 12, 2021, she filed her Original Complaint[1] alleging sexual orientation discrimination (Counts I and II), age discrimination (Counts III and IV), disability discrimination (Counts V and VI), gender discrimination (Counts VII and VIII), and retaliation (Counts IX and X), claims which she maintained in her Amended Complaint.  (Original Complaint

_____

[1] July 11, 2021 (90 days after Plaintiff's EEOC claim was dismissed) was a Sunday. The Original Complaint was filed on the following business day and was therefore timely.

(ECF 1) at 6-13; Am. Compl. at 7-14.)  Plaintiff seeks damages, costs, a permanent injunction against Defendant from engaging in discriminatory employment practices, an order for Defendant to institute and implement training programs and policies that provide equal employment opportunities, and an order for Defendant to remove and expunge negative documentation from Plaintiff's record of employment.  (Am. Compl. at 14).

After the Original Complaint was amended in January 2022 and after a series of procedural delays, Defendant filed this Motion to Dismiss Counts I-VIII on March 10, 2022. Defendant does not bring a motion to dismiss Counts IX or X.  (Mot. to Dismiss at 3).  Defendant argues that Plaintiff's Amended Complaint does not include: (1) adequate facts to suggest that her termination occurred under circumstances that would give rise to an inference of discrimination on the basis of sexual orientation, gender, and age discrimination; and (2) adequate facts demonstrating that Plaintiff is disabled according to the meaning set forth in the ADA and PHRA.  (Id. at 1.) Defendant contends that Plaintiff has failed to allege facts that support an inference of discrimination which is fatal to her claims of gender and sexual orientation discrimination.  (Id. at 7-11.)  Defendant also argues that Plaintiff has failed to allege facts that would allow the Court to infer that the comparators presented in her age discrimination claim were similarly situated.  (Id. at 11-13.)

Plaintiff responds that she has met the 12(b)(6) standard and that the facts as alleged give rise to reasonable inferences that satisfy the elements of her sexual orientation, gender, age, and disability discrimination claims.  (Opp. Br. at 2.)  Plaintiff explains that "Defendant refers to several arguments which may become relevant at the summary judgment phase but fail to draw required inferences at this early stage in litigation."  (Id. at 1.)  In regard to her sexual orientation discrimination claim, Plaintiff argues, without citing any case law, that this Court should infer that

the named comparators in the Amended Complaint are heterosexual, as it should "be inferred from the facts of the Amended Complaint that if an employee's sexual orientation is not stated, the employee should be considered heterosexual for the purposes of this discrimination complaint." (Id. at 7.)  Plaintiff points to a "largely heteronormative society" which should permit such an inference. (Id.)  Further, Plaintiff contends that the allegations of repeated questions and comments regarding whether she is the biological mother of her children is sufficient to show a properly pleaded hostile work environment claim.  (Id.)  In regard to age discrimination, Plaintiff alleges that she has identified three comparators in her complaint, that the comparators provided are all younger attorneys who are similarly situated employees, and that when Plaintiff was laid off, her work was reassigned to these younger attorneys.  (Id. at 10-11.)  As to her claim for disability discrimination, Plaintiff argues that she has adequately pleaded a qualifying disability (hypertension), and that the determination of whether an individual is disabled under the ADA is not based solely on the name or stereotypical nature of an impairment, but rather the effect of that impairment on the life of the individual.  (Id. at 11.)

## II.   STANDARD OF REVIEW

In considering a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts all factual allegations as true and views them in a light most favorable to the plaintiff.  Doe v. Univ. of the Scis., 961 F.3d 203, 208 (3d Cir. 2020).  To survive this motion, a plaintiff must include sufficient facts in the complaint that, accepted as true, "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A complaint is insufficient if it suggests only the "mere possibility of misconduct" or is a "[t]hreadbare recital[ ] of the elements of a cause of action, supported by mere conclusory statements."  Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (citing Twombly, 550 U.S. at 555).  To survive the motion, a plaintiff must "plead

'sufficient factual matter to show that the claim is facially plausible,' thus enabling 'the court to draw the reasonable inference that the defendant is liable for misconduct alleged.'" Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (quoting Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir.2009)).  While a court must assume for purposes of a motion to dismiss that the plaintiff can prove the facts alleged in the complaint, "it is not . . . proper to assume that [she] can prove facts that [she] has not alleged[.]"  Twombly, 550 U.S. at 563 n.8 (citing Associated Gen. Contractors of Cal. Inc. v. Carpenters, 459 U.S. 519, 526 (1983).

## III.    ANALYSIS

Because the elements of claims brought under the PHRA are functionally identical to the elements of claims brought under the related federal statutes, this Court applies its analysis of the federal claims equally to the claims brought under Pennsylvania law.  See Fasold v. Justice, 409 F.3d 178, 184 n.8 (3d Cir. 2005) ("[W]e will interpret the implicated provisions of the ADEA and PHRA as applying identically in this case and as being governed by the same set of decisional law."); Weston v. Pennsylvania, 251 F.3d 420, 425 n.3 (3d Cir. 2001) ("The proper analysis under Title VII and the Pennsylvania Human Relations Act is identical, as Pennsylvania courts have construed the protections of the two acts interchangeably.") overruled in part on other grounds by Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 126 (2006); Taylor v. Phoenixville Sch. Dist., 184 F.3d 296, 306 (3d Cir. 1999) ("[O]ur analysis of an ADA claim applies equally to a PHRA claim.").

### a.  Counts I, II, VII, and VIII for Sexual Orientation and Gender Discrimination

Title VII establishes that it is unlawful for an employer to discriminate against an employee "because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(2).  To survive a motion to dismiss, the plaintiff must plead facts sufficient to raise a

reasonable expectation that discovery will reveal the plaintiff (1) is a member of a protected class, (2) was qualified for the position which she held, (3) suffered an adverse employment action which was (4) taken under circumstances giving rise to an inference of discrimination.  Jones v. Sch. Dist. of Phila., 198 F.3d 403, 410–11 (3d Cir. 1999) (internal quotations and emphasis omitted). Title VII also applies to claims of discrimination on the basis of sexual orientation.  Bostock v. Clayton Cnty., 140 S. Ct. 1731, 1737 (2020).  An inference of discrimination can arise under two different theories: (1) disparate impact theory and (2) disparate treatment theory.  Crumpton v. Potter, 305 F. Supp. 2d 465, 472 (E.D. Pa. 2004) (Brody, J.).  Disparate treatment theory requires that a plaintiff show that her sex was a but-for cause of her disparate treatment.  Starnes v. Butler Cnty. Ct. of Common Pleas, 971 F.3d 416, 426–27 (3d Cir. 2020) (citing Bostock, 140 S. Ct. at 1739-40).  An inference of discrimination "is made out when an individual of a protected group is shown to have been singled out and treated less favorably than others similarly situated on the basis of an impermissible criterion under Title VII."  E.E.O.C. v. Metal Serv. Co., 892 F.2d 341, 347 (3d Cir. 1990).

As a preliminary matter, Plaintiff argues that all comparators or individuals who could reasonably be interpreted to be comparators referenced in the Amended Complaint should be inferred to be heterosexual for the purposes of Plaintiff's sexual orientation discrimination claim. (Opp. Br. at 7).  It would be improper to do so: those facts are not alleged in the Amended Complaint, and Plaintiff does not provide any support for her argument that the "largely heteronormative" nature of society (Id.) enables courts to make such an inference in spite of established precedence to the contrary.  See Twombly, 550 U.S. at 563 n.8 (citing Associated Gen. Contractors of Cal. Inc. v. Carpenters, 459 U.S. 519, 526 (1983) (noting that while a court must

assume for purposes of a motion to dismiss that the plaintiff can prove the facts alleged in the complaint, "it is not . . . proper to assume that [she] can prove faces that [she] has not alleged[.]").

Plaintiff appears to put forward two theories of discrimination on the basis of gender and sexual orientation: a hostile work environment theory on the basis of her sexual orientation, and a wrongful termination theory on the basis of her gender and sexual orientation.  (Opp. Br. at 7-8.)

To establish a claim for a hostile work environment action, a plaintiff must demonstrate that "the workplace is 'permeated with discriminatory intimidation, ridicule and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'"  Glanzman v. Metro. Mgmt. Corp., 290 F. Supp. 2d 571, 581 (E.D. Pa. 2003) (Joyner, J.) (citing Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993)).  Plaintiff has failed to establish that the comments made to her rise to this level of hostility.  Plaintiff alleges that Defendant created a hostile work environment and subjected Plaintiff to implicit bias because "multiple coworkers" asked Plaintiff if she was the biological parent of her children "on multiple occasions."  (Am. Compl. ¶¶ 26-27.)  These types of questions, while perhaps "inappropriate" (id. at ¶ 28), do not subject Plaintiff to any intimidation, ridicule, or insult, and Plaintiff does not allege that the comments rose to that level of severity.  Nor does Plaintiff allege that the conditions of her employment changed as a result of these questions.  See Faragher v. City of Boca Raton, 524 U.S. 775, 778 (1998) ("[S]imple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." (internal citations omitted)).  Plaintiff has therefore failed to adequately allege that she was subjected to a hostile work environment on the basis of her sexual orientation.

Plaintiff also argues that she was discriminated on the basis of her gender and sexual orientation when she was dismissed from her position.  (Opp. Br. at 8.)  To establish a prima facie

case of sexual orientation discrimination, a plaintiff must show that: (1) she was a member of a protected class; (2) she was qualified for her position; (3) she suffered an adverse employment action; and (4) there are circumstances that support an inference of discrimination. Sarullo v. U.S. Postal Service, 352 F.3d 789, 797 (3d Cir. 2003). The fourth element's inference of discrimination requirement can be established "in a number of ways," including pointing to "comparator evidence, evidence of similar . . . discrimination against other employees, or direct evidence of discrimination from statements or actions by [the plaintiff's] supervisors suggesting [discriminatory] animus." Golod v. Bank of Am. Corp., 403 F. App'x 699, 702 n.2 (3d Cir. 2010) (NPO) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511-12 (2002)).

Plaintiff has adequately pleaded the first three elements. She alleges that she is a member of two protected classes as a woman and as a lesbian. (Am. Compl. ¶¶ 20, 120.) She alleges that she was qualified for her position as an attorney. (Id. at ¶ 23.) And she alleges that she suffered from an adverse employment action, namely being fired from her job and then not rehired. (Id. at ¶¶ 43, 50-51.)

Where Plaintiff's claim suffers is on the fourth element: showing that there are "circumstances that support the inference of discriminatory animus." Sarullo, 352 F.3d at 797. A plaintiff may satisfy the fourth element of a prima facie case for Title VII discrimination by alleging facts that similarly situated employees, outside of the protected class, were treated more favorably. See Mandel v. M&Q Packaging Corp., 706 F.3d 157, 170 (3d Cir. 2013). A plaintiff may not, without appropriate allegations, selectively choose some comparators while ignoring others. See Simpson v. Kay Jewelers, 142 F.3d 639, 645 (3d Cir. 1998). Alternatively, a plaintiff can adequately allege discriminatory animus by alleging facts that "otherwise show[] a causal nexus between [the employee's] membership in a protected class and the adverse employment

action.  Greene v. V.I. Water & Power Auth., 557 F. App'x 189, 195 (3d Cir. 2014) (NPO) (citing Sarullo, 352 F.3d at 797 n.7).  Stray remarks and unconnected, coincidental circumstances do not satisfy this element of the prima facie case.  Id. at 196.

As noted above, Plaintiff fails to allege that any of the individuals who could be considered comparators were outside of the protected class of LGBTQ+ employees.  Plaintiff also names one potential comparator, a woman, who is a member of the same protected class that Plaintiff alleges she is a part of.  (Am. Compl. ¶ 48.)  Because Plaintiff has failed to allege that the comparators were outside of the protected class of LGBTQ+ employees, and because one of the comparators is a woman who definitively is a member of the protected class of women, Plaintiff has failed to plead that similarly situated employees, outside of the protected classes, were treated more favorably.

Interpreted liberally, Plaintiff's Amended Complaint could be read to argue that the comments made regarding her biological relationship to her children rises to the level of historical discrimination to allow the Court to infer discrimination on the basis of her sexual orientation or her gender.  (Id. at ¶¶ 26-29, 58.)  However, Plaintiff does not allege any causal link between these comments and the determination to lay Plaintiff off.  Plaintiff does not allege any date or date range that these comments occurred, identify who made the comments, or allege that the comments occurred during the time in which her workload was increased or when Plaintiff was fired.  (Id. at ¶ 27-35, 41-43.)  Without alleging facts that connect the discriminatory behavior with the employment decision at issue, Plaintiff's claim of discrimination on the basis of sexual orientation and gender due to discriminatory animus also fails.

Plaintiff has failed to plead facts necessary to establish a prima facie claim of sexual discrimination on the basis of sexual orientation or gender.  The comments she alleges were made

about her biological relationship to her children do not rise to the level of insult or intimidation as to establish a hostile work environment claim.  Nor has she adequately pleaded the existence of comparators, outside the protected classes, who were treated more favorably than herself, or a causal nexus between the comments and the adverse employment decision.  The Motion to Dismiss as to Counts I, II, VII, and VIII will be granted without prejudice and with leave to amend within fourteen (14) days.

### b. Counts III and IV for Age Discrimination

To establish a prima facie case of age discrimination under the ADEA, a plaintiff must show:

> (1) that the plaintiff was forty years of age or older; (2) that the defendant took an adverse employment action against the plaintiff; (3) that the plaintiff was qualified for the position in question; and (4) that the plaintiff was ultimately replaced by another employee who was sufficiently younger to support an inference of discriminatory animus.

Terrell v. Main Line Health, Inc., 320 F. Supp. 3d 644, 656 (E.D. Pa. 2018) (Barcley, J.). "Plaintiff's burden at the prima facie stage is not onerous."  Id. (internal quotations omitted).

Plaintiff has adequately pleaded these elements.  She alleges that she was over the age of 40 at the time that the alleged events occurred (in point of fact, Plaintiff was approximately 61 years old in 2020).  (Am. Compl. ¶ 20.)  She alleges that she suffered from an adverse employment action, namely being fired from her job and then not rehired.  (Id. at ¶¶ 43, 50-51.)  She alleges that she was qualified for her position as an attorney.  (Id. at ¶ 23.)  Finally, Plaintiff alleges that she was replaced by three employees, all of whom were younger than her: David Lambropoulos (early 40s), Margaret Casino (mid-40s), and Arsenio Rodriguez (30s).  (Id. at ¶¶ 46-49.)  Plaintiff has therefore alleged that she was replaced by other employees who were between 15 and 30 years younger than her, approximately.  This is enough to adequately plead a prima facie case of age discrimination.  See Maxfield v. Sinclair Int'l, 766 F.2d 788, 793 (3d Cir. 1985) (holding that an

age difference of more than 20 years is sufficient to satisfy the fourth element of Plaintiff's prima facie case).

Defendant argues that Plaintiff has failed to allege that her proposed comparators are similarly situated.  (Mot to Dismiss at 12-13.)  However, whether an individual is "similarly situated" is a fact-intensive inquiry (Monaco v. Am. Gen. Assur. Co., 359 F.3d 296, 305 (3d Cir. 2004)) and it would be premature to decide this issue at this stage in the proceedings.  The Motion to Dismiss as to Counts III and IV will be denied.

### c.   Counts V and VI for Disability Discrimination

Under the ADA, to establish a prima facia case of disability discrimination, a plaintiff must demonstrate:

> (1) that she is a disabled person within the meaning of the ADA; (2) that she is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) that she has suffered an otherwise adverse employment decision as a result of discrimination.

Reyer v. Saint Francis Country House, 243 F. Supp. 3d 573, 591 (E.D. Pa. 2017) (Goldberg, J.) (citing Gaul v. Lucent Techs., 134 F.3d 576, 580 (3d Cir. 1998)).  The ADA defines disability as "a physical or mental impairment that substantially limits one or more major life activities of such [an] individual." 42 U.S.C. § 12102(1)(A); Payne v. Woods Servs., Inc., 520 F. Supp. 3d 670, 678 (E.D. Pa. 2021) (Baylson, J.).  Major life activities include caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working.   42 U.S.C. § 12102(2)(A).   An individual meets the requirement of being regarded as having such an impairment if the individual establishes that he or she has been subjected to an action prohibited under the ADA because of an actual or perceived physical or mental impairment whether or not

the impairment limits or is perceived to limit a major life activity.  42 U.S.C. § 12102(3)(A); Payne, 520 F. Supp. 3d at 679.

Plaintiff has adequately alleged these facts.  She pleads that she is a disabled person because she was diagnosed with hypertension, which affects caring for oneself and working.  (Am. Compl. ¶¶ 36-37.)  While Defendant argues that Plaintiff has not specifically pleaded that hypertension's interference with "caring for oneself" and working applies to Plaintiff (Mot. to Dismiss at 13-14), taking the facts alleged as true, coupled with reasonable inferences, would support the conclusion that Plaintiff has satisfied the standard for pleading an element of a claim at the motion to dismiss stage of a proceeding.  The alleged hospital stay referenced in Plaintiff's Amended Complaint further supports a reasonable inference that her ability to work and care for herself was affected by her hypertension.  (Am. Compl. ¶¶ 38-40.)  Plaintiff has also alleged that she was still qualified to perform the essential functions of the job with reasonable accommodation (namely, working from home), since she pleads that she "began to work from home on March 17, 2020."  (Id. at ¶ 42.)  Lastly, Plaintiff has alleged that she was discriminated against on the basis of her disability.  (Id. at ¶¶ 41-44.)  Specifically, Plaintiff alleges that she requested a reasonable accommodation to work from home starting in March 2020.  (Id. at ¶¶ 41-42.)  However, four days after Plaintiff made this request for accommodation, she was laid off.  (Id. at ¶ 43.)  As alleged, these facts support the reasonable inference that Plaintiff was laid off because of her request for accommodation.

Plaintiff's Amended Complaint contains enough facts which, taken as true and in the light most favorable to Plaintiff, would establish a prima facie case of disability discrimination.  As such the Motion to Dismiss as to Counts V and VI will be denied.

**IV.    CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss is denied as to Counts III and IV (the age discrimination claims) and Counts V and VI (the disability discrimination claims). Defendant's Motion to Dismiss as to Counts I and II (the sexual orientation discrimination claims) and VII and VIII (the gender discrimination claims) is granted without prejudice and with leave to amend within fourteen (14) days.  An appropriate Order follows.

O:\CIVIL 21\21-3096 Emerson v. Stern & Eisenberg P.C\Emerson Memorandum in Support of Order on Motion to Dismiss 21-3096.docx