**KOLLER LAW LLC**　　　　　　　　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff*
David M. Koller, Esq. (90119)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **REBECCA FIELD EMERSON** | : | |
| **1003 Easton Road, Apartment 615** | : | |
| **Willow Grove, PA 19090** | : | |
|      **Plaintiff,** | : | |
| | : | Civil Action No. 2:21-cv-03096 |
| v. | : | |
| | : | Second Amended Complaint |
| | : | and Jury Demand |
| **STERN & EISENBERG, P.C.** | : | |
| **1581 Main Street, Suite 200** | : | |
| **Warrington, PA 18976** | : | |
|      **Defendant.** | : | |

### CIVIL ACTION

Plaintiff, Rebecca Field Emerson (hereinafter "Plaintiff"), by and through her attorneys, Koller Law, LLC, brings this civil matter against Stern & Eisenberg, P.C. (hereinafter "Defendant"), for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, the Americans with Disabilities Act of 1990 ("ADA"), as amended, the Age Discrimination in Employment Act ("ADEA"), and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

### THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Stern & Eisenberg, P.C. is a law firm that primarily focuses

on foreclosures with a location and corporate headquarters located at 1581 Main Street, Suite 200, Warrington, PA 18976.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure

because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because the Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted her administrative remedies under Title VII, the ADA, the ADEA and the PHRA.

13. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging gender, disability and age discrimination against Defendant.

14. The Charge was assigned a Charge Number of 530-2020-05789 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated April 12, 2021.  Plaintiff received the notice by mail.

16. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter.

18. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. Plaintiff was born on May 21, 1959 and is a lesbian.

21. Plaintiff is an attorney.

22. On February 1, 2017, Plaintiff began working for Terra Abstract, a related entity of Defendant, in the position of General Counsel.

23. Plaintiff was well qualified for her position and performed well.

24. In or around October 2017, Plaintiff began working directly for Defendant in the position of Director of Business Law.

25. It was known throughout Defendant that Plaintiff is a lesbian and that she has a wife.

26. Plaintiff felt that she was subjected to implicit bias as a result of this.

27. This was something that Plaintiff felt based on comments other employees of the Defendant would make about her in her presence. By way of example, but not limited to this example, multiple coworkers asked Plaintiff if she was the "biological mother" of her children on multiple occasions and on a frequent basis.

28. Plaintiff felt that this and other similar comments were inappropriate in the workplace and served to invalidate Plaintiff as a mother by suggesting that her relationship with her children was inherently lesser if she was not their biological parent.

29. These comments were directly related to Plaintiff's sexual orientation and gender.

30. These coworkers did not ask Plaintiff's heterosexual and/or hetero-presenting coworkers if they were the biological parents of their children, and did not make similar comments to the heterosexual coworkers. The comments created a hostile work environment based on Plaintiff's sexual orientation.

31. By way of example, Evan Barenbaum (heterosexual), Director of Litigation, is a father.

32. Upon information and belief, Mr. Barenbaum was never asked if he was the biological parent of his children.

33. In January 2020, Mendy Goodman (heterosexual or hetero-presenting), Operations Manager, began to put pressure on Plaintiff to expand her job duties and she dramatically increased Plaintiff's workload.

34. However, Ms. Goodman did not pressure Plaintiff's heterosexual and/or hetero-presenting coworkers to expand their job duties and/or dramatically increase their workload.

35. The combination of Ms. Goodman's conduct and the substantial increase in Plaintiff's workload made Plaintiff feel that Defendant was attempting to push Plaintiff out of employment with Defendant.

36. Plaintiff complained about this to Evan Barenbaum, her direct supervisor, but he did not adequately address her complaint, and simply told Plaintiff that she was fine.

37. Since there was no accountability and Mr. Barenbaum did not properly address Plaintiff's complaint, Ms. Goodman continued her behavior towards Plaintiff.

38. On or around February 25, 2020, Plaintiff was examined by Dr. Kathryn A. Bowry, Primary Care Physician, who diagnosed her with hypertension and sent her to Abington Memorial Hospital for treatment.

39. The major life activities affected by hypertension are caring for oneself and working.

40. Plaintiff was treated at Abington Memorial Hospital for three (3) days before she was discharged.

41. Plaintiff immediately notified Defendant of her admission to the hospital to treat her hypertension.

42. However, Ms. Goodman continued to send Plaintiff pressure filled emails regarding her work assignments, despite being aware of her hospitalization.

43. On March 16, 2020, Plaintiff asked Mr. Barenbaum if she could work remotely due to her concerns regarding the COVID-19 pandemic as both Plaintiff and her wife were considered high-risk for it.

44. Mr. Barenbaum granted Plaintiff's request, and she began to work from home on March 17, 2020.

45. Just four days after this request, on March 20, 2020, Dionne Daniels-Murray, Human Resource Manager, called Plaintiff and informed her that Defendant was laying her off, with the alleged stated reason being due to lack of work.

46. This reason was pretextual and not true, as Plaintiff's job duties work functions and responsibilities were relatively unaffected by the COVID-19 pandemic.

47. In addition, just a week prior to notification of the layoff due to an alleged lack of work, Mr. Barenbaum had told Plaintiff that he had written her an outstanding performance review.

48. Plaintiff learned that Defendant distributed her job duties to other attorneys who did in fact suffer from a reduction in work due to the COVID-19 pandemic.

49. Plaintiff's work in New Jersey was reassigned to David Lambropoulos (heterosexual or hetero-presenting, early 40's).

50. Plaintiff's work in New York was reassigned to Margaret Casino (heterosexual or hetero-presenting, mid-40's).

51. Upon information and belief, Ms. Casino's work was subsequently reassigned to an even younger employee, Arsenio Rodriguez (heterosexual or hetero-presenting, 30's).

52. Initially, Ms. Daniels-Murray had informed Plaintiff that Defendant intended to rehire her.

53. However, in early May 2020, Ms. Daniels-Murray informed Plaintiff that her layoff was going to be permanent.

54. Upon information and belief, Plaintiff was the oldest attorney that was furloughed or terminated, and not rehired.

55. In addition, only four (4) of the twelve (12) Staff Attorneys at Defendant are female, and none of the ten (10) Managing Attorneys are female.

### COUNT I – SEXUAL ORIENTATION DISCRIMINATION
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

56. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

57. Plaintiff is a member of protected classes in that she is a lesbian.

58. Plaintiff was qualified to perform the job.

59. Similarly situated persons outside of Plaintiff's protected classes were treated more favorably than Plaintiff.

60. Circumstances exist related to the above cited employment actions that give rise to an inference of discrimination.

61. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

62. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

63. Defendant terminated Plaintiff for pretextual reasons.

64. As a result of Defendant's unlawful sexual orientation discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this

Complaint, *infra.*

### COUNT II – SEXUAL ORIENTATION DISCRIMINATION
### <u>PENNSYLVANIA HUMAN RELATIONS ACT</u>

65. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

66. Plaintiff is a member of protected class in that she is a lesbian.

67. Plaintiff was qualified to perform the job.

68. Similarly situated persons outside of Plaintiff's protected class were treated more favorably than Plaintiff.

69. Circumstances exist related to the above cited employment actions that give rise to an inference of discrimination.

70. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

71. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

72. Defendant terminated Plaintiff for pretextual reasons.

73. As a result of Defendant's unlawful sexual orientation discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### COUNT III – AGE DISCRIMINATION
### <u>AGE DISCRIMINATION IN EMPLOYMENT ACT</u>

74. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

75. Plaintiff was born on May 21, 1959.

76. Plaintiff was qualified to perform the job.

77. Defendant treated younger employees more favorably than Plaintiff.

78. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

79. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

80. Defendant terminated Plaintiff for pretextual reasons.

81. As a result of Defendant's unlawful age discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT IV – AGE DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

82. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

83. Plaintiff was born on May 21, 1959.

84. Plaintiff was qualified to perform the job.

85. Defendant treated younger employees more favorably than Plaintiff.

86. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

87. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

88. Defendant terminated Plaintiff for pretextual reasons.

89. As a result of Defendant's unlawful age discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this

Complaint, *infra*.

## COUNT V – DISABILITY DISCRIMINATION
## AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

90. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

91. Plaintiff is a "qualified individual with a disability" as that term is defined under the ADA because Plaintiff has, or had at all times relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

92. Plaintiff was qualified to perform the job.

93. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

94. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

95. Defendant did not have a legitimate non-discriminatory reason for terminating Plaintiff.

96. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

97. The purported reason for Defendant's decision is pretextual.

98. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

99. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

100. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this

Complaint, *infra*.

## COUNT VI – DISABILITY DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

101. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

102. Plaintiff is a "qualified individual with a disability" as that term is defined under the PHRA because Plaintiff has, or had at all times relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

103. Plaintiff was qualified to perform the job.

104. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

105. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

106. Defendant did not have a legitimate non-discriminatory reason for terminating Plaintiff.

107. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

108. The purported reason for Defendant's decision is pretextual.

109. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

110. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

111. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this

Complaint, *infra*.

## COUNT VII – GENDER/SEX DISCRIMINATION
## **TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

112. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

113. Plaintiff is a member of protected class in that she is a woman.

114. Plaintiff was qualified to perform the job.

115. Similarly situated persons outside of Plaintiff's protected class were treated more favorably than Plaintiff.

116. Circumstances exist related to the above cited employment actions that give rise to an inference of discrimination.

117. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

118. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

119. Defendant terminated Plaintiff for pretextual reasons.

120. As a result of Defendant's unlawful gender discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT VIII – GENDER/SEX DISCRIMINATION
## **PENNSYLVANIA HUMAN RELATIONS ACT**

121. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

122. Plaintiff is a member of protected class in that she is a woman.

123. Plaintiff was qualified to perform the job.

124. Similarly situated persons outside of Plaintiff's protected class were treated more favorably than Plaintiff.

125. Circumstances exist related to the above cited employment actions that give rise to an inference of discrimination.

126. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

127. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

128. Defendant terminated Plaintiff for pretextual reasons.

129. As a result of Defendant's unlawful gender discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### COUNT IX – RETALIATION
### AMERICANS WITH DISABILITIES ACT

130. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

131. Plaintiff engaged in activity protected by the PHRA when she requested a reasonable accommodation for a qualifying reason under the law.

132. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination for reasons that are pretextual.

133. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT X - RETALIATION
## PENNSYLVANIA HUMAN RELATIONS ACT

134. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

135. Plaintiff engaged in activity protected by the PHRA when she requested a reasonable accommodation for a qualifying reason under the law.

136. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination for reasons that are pretextual.

137. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Rebecca Field Emerson, requests that the Court grant her the following relief against Defendant:

(a) Compensatory damages;

(b) Punitive damages;

(c) Liquidated damages;

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or

participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of Title VII, the ADEA, the ADA and the PHRA.

(j) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in training programs, policies, practices and programs which provide equal employment opportunities;

(k) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

**RESPECTFULLY SUBMITTED,**

**KOLLER LAW, LLC**

Date: November 7, 2022    By:   */s/ David M. Koller*
David M. Koller, Esquire (90119)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com

*Counsel for Plaintiff*

15