IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REBECCA FIELD EMERSON<br><br>Plaintiff,<br><br>v.<br><br>STERN & EISENBERG, P.C.<br><br>Defendant. | Civil Action No.: 2:21-cv-3096 |

**DEFENDANT STERN & EISENBERG, P.C.'S BRIEF IN SUPPORT
OF ITS MOTION TO DISMISS COUNTS VII AND VIII OF PLAINTIFF'S
SECOND AMENDED COMPLAINT**

Defendant, Stern & Eisenberg, P.C. ("S & E") hereby submits this brief in support of its Motion to Dismiss Plaintiff, Rebecca Field Emerson's Second Amended Complaint, *in part*, pursuant to Federal Rule of Civil Procedure 12(b)(6).

As set forth herein, Counts VII and VIII of Plaintiff's Second Amended Complaint must be dismissed, with prejudice, because Plaintiff's Second Amended Complaint fails to show or suggest that her furlough and subsequent failure to be rehired occurred under circumstances that would give rise to an inference of discrimination on the basis of her gender or sex.

### I.  Procedural History and Statement of Facts

#### A.  Procedural History

Plaintiff filed her original Complaint against S & E on July 12, 2021. On December 9, 2021, S & E filed a motion to dismiss Counts I through VIII of that complaint. In response to S & E's motion to dismiss, on January 13, 2022 Plaintiff filed an Amended Complaint. On January 27, 2022, S & E filed a partial motion to dismiss Counts I-VIII of Plaintiff's Amended Complaint. On October 17, 2022, this Court issued a Memorandum, which dismissed Counts I, II, VII, and VIII of Plaintiff's Amended Complaint without prejudice. See Memorandum of Honorable Michael M. Baylson, Dkt.

No. 21. Plaintiff then filed a Second Amended Complaint on November 7, 2022. See Plaintiff's Second Amended Complaint., Dkt. No. 25.

### B. Statement of Facts

Plaintiff began working for S & E as the Director of Business Law on or around October of 2017. See Dkt. No. 25 at ¶ 24. Prior to working for S & E, beginning on February 1, 2017, she worked for Terra Abstract as General Counsel. See Dkt. No. 25 at ¶ 22.

Plaintiff is a woman. See Dkt. No. 25 at ¶ 113. Plaintiff Second Amended Complaint alleges that in January of 2020, S & E's Operations Manager, Mendy Goodman, put pressure on her to expand her job duties and dramatically increased Plaintiff's workload. See Dkt. No. 25 at ¶ 34. Plaintiff also claims that on March 16, 2020, she asked Evan Barenbaum, Director of Litigation and her supervisor, if she could work remotely due to her concerns regarding COVID-19 and he granted her request. See Dkt. No. 25 at ¶¶ 43-44. On March 20, 2020, Plaintiff was laid off and informed that the reason for her layoff was lack of work. See Dkt. No. 25 at ¶ 45. She claims her job duties were unaffected by the pandemic and that S & E distributed her job duties to other attorneys who had a reduction in work due to the pandemic. See Dkt. No. 25 at ¶ 46 and ¶ 48. Plaintiff alleges her New Jersey work was reassigned to David Lambropoulos (male, early 40's) and her New York work was reassigned to Margaret Casino (female, mid-40's). See Dkt. No. 25 at ¶¶ 49-50. She claims she was initially told that S & E intended to rehire her but, in early May 2020, was informed that her layoff was going to be permanent. See Dkt. No. 25 at ¶¶ 52-53.

Based solely upon the above allegations, the Second Amended Complaint alleges the following Counts which are the subject of this Motion to Dismiss: a count for Gender/Sex Discrimination under Title VII of the Civil Rights Act of 1964 (Count VII) and a count for Gender/Sex Discrimination under the Pennsylvania Human Relations Act (hereinafter "PHRA") (Count VIII).

## II. Legal Argument

### A. Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), a defendant bears the burden of demonstrating the plaintiff has not stated a claim upon with relief can be granted. Fed. R. Civ. P. 12(b)(6); see also Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). The purpose of a partial Rule 12(b)(6) motion is to test the legal sufficiency of certain counts of the complaint. See Sturm v. Clark, 835 F.2d 1009 (3d Cir. 2009). The plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not do. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The U.S. Court of Appeals for the Third Circuit has instructed district courts within its jurisdiction to review a motion to dismiss by identifying the elements of the claim, reviewing the claim to strike any legal conclusions and, finally, looking at the well-pleaded components of the complaint and evaluating whether all the elements identified in part one of the inquiry are sufficiently alleged. Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011). The Court should not assume that plaintiff can prove facts that were not alleged in the complaint or credit the complaint's bald assertions or legal conclusions. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court subsequently defined a two-pronged approach to a court's review of a motion to dismiss. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Second, the Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679. A complaint must contain sufficient factual matter that, if accepted as true, states a claim for relief that is plausible on its face. Id. at 678, quoting Twombly, 550 U.S. at 555. A complaint does not show an entitlement to relief when the well-pleaded

facts do not permit the court to infer more than the mere possibility of misconduct. Id. Moreover, "the factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type of notice of claim which is contemplated by Rule 8 [of the Federal Rules of Civil Procedure.]" See O'Donnell v. Colonial Intermediate Unit, Civil Action No. 12-6259, 2013 WL 1234813 at *1 (E.D. Pa. March 27, 2013) (citing Villegas v. Weinstein & Riley P.S., 723 F. Supp. 2d 755, 756 (M.D. Pa. 2010).

### B. Plaintiff's Claims For Sex/Gender Discrimination In Counts VII And VIII Of Her Second Amended Complaint Must Be Dismissed Because She Fails To Plead Sufficient Facts To State These Claims

Plaintiff's Second Amended Complaint appears to allege a disparate treatment claim for sex discrimination based on her furlough on March 20, 2020, and the communication that that furlough would be permanent in May of 2020. See Dkt. No. 25 at ¶ 45 and 53. Plaintiff's Second Amended Complaint, however, fails to allege any facts to support that her furlough or subsequent failure to be recalled occurred under circumstances that give rise to an inference of discrimination on the basis of sex.

#### 1. Legal Standard Applicable To Claims For Disparate Treatment Discrimination On The Basis Of Sex

Claims for disparate treatment based on sex under Title VII and the PHRA are analyzed using the three-step framework of McDonnell-Douglas Corp v. Green, 411 U.S. 792 (1973). Susko v. Weidenhammer Systems Corp., No. 5:20-cv-06543, 2021 WL 2451614, at *4 (E.D. Pa. June 16, 2021). Under this framework,

> . . . an employee must first establish a prima facie case of discrimination, after which the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for its adverse employment decision." Fasold v. Justice, 409 F.3d 178, 184 (3d Cir. 2005). To establish a prima facie case of employment discrimination, a plaintiff must show that: (1) she is a member of a protected class; (2) she was qualified for the position in question; (3) she suffered an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an

inference of discrimination. See McDonnell Douglas Corp., 411 U.S. at 802, 93 S.Ct. 1817; see also Sarullo v. U.S. Postal Serv., 352 F.3d 789, 797 (3d Cir. 2003).

Id. at *4. With respect to the fourth element – i.e. that the adverse action occurred under circumstances giving rise to an inference of discrimination:

> [A]n inference could be supported in a number of ways, including, but not limited to, comparator evidence, evidence of similar ... discrimination of other employees, or direct evidence of discrimination from statements or actions by her supervisors." Giolod v. Bank of Am. Corp., 403 F. App'x 699, 703 (3d Cir. 2010) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511–12, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002)). Comparator evidence consists of allegations that "similarly situated individuals who were not members of the protected class were more favorably treated than the plaintiff." Mitchell v. City of Pittsburgh, 995 F. Supp. 2d 420, 430 (W.D. Pa. 2014); see also Jones v. Sch. Dist. of Phila., 198 F.3d 403, 413 (3d Cir. 1999) (holding that the circumstances giving rise to an inference of discrimination can be raised by establishing that an employer has treated more favorably similarly situated persons not within the protected class). The Third Circuit has held that "comparator employees must be similarly situated in all relevant respects." Doe v. Apria Healthcare Grp. Inc., 97 F. Supp. 3d 638, 645 (E.D. Pa. 2015) (citing Wilcher v. Postmaster Gen., 441 Fed. Appx. 879, 881–82 (3d Cir. 2011)).

Id. at * 6. Id. at *6. Whether employees are similarly situated takes into account factors such as the employees' job responsibilities, the supervisors and decision-makers, education, work experience, or specialized training. See, e.g., Wilcher v. Postmaster Gen., 441 Fed. Appx. 879, 882 (3d Cir. 2011); Susko, 2021 WL 2451614, at *4.

In Fisher v. Catholic Soc. Servs., No. 18-cv-04653, 2019 WL 3731688 (E.D. Pa. August 8, 2019), the court held that bare allegations that "other similarly situated" employees received preferential treatment "without identifying any comparators or *how they were similarly situated* is exactly a '[t]hreadbare recital [ ] of the elements of a cause of action' that Iqbal repudiates." Id. at * 5 (emphasis added) (granting motion to dismiss race discrimination claim where plaintiff did not allege factual allegations supporting her assertion that similarly situated white employees were given preferential treatment); see also Susko, 2021 WL 2451614 at *4 (granting motion to dismiss where the plaintiff failed to include facts that support that the comparators she alleged were similarly situated in all material respects, e.g. the education of an alleged comparator, his or her

prior work experience, specialized training).

In this analysis of similarly situated employees, a plaintiff is not permitted to pick and choose amongst their colleagues. Simpson v. Kay Jewelers, 142 F.3d 639, 645 (3d Cir. 1998)).

### 2. Plaintiff's Claims For Disparate Treatment On The Basis Of Sex Must Be Dismissed Because Plaintiff Has, Again, Failed To Allege Facts That Support An Inference Of Discrimination

In her Second Amended Complaint, Plaintiff fails to plead *any* additional facts with regard to the disparate impact claims in Count VII and VIII. As such, Plaintiff's Second Amended Complaint continues to make the conclusory claim that "similarly situated persons outside of [her] protected class were treated more favorably than Plaintiff" and, in support of that assertion, she identifies two attorneys she claims were assigned her work, one of whom was female. Dkt. No. 25 at ¶¶ 115, 124. As explained by this Court in its Opinion dismissing these claims, "because one of the comparators is a woman who definitively is a member of the protected class of women, Plaintiff has failed to plead that similarly situated employees, outside of the protected classes, were treated more favorably." See Memorandum of Honorable Michael M. Baylson, Dkt. No. 21. Because Plaintiff admits one of the individuals who replaced her was a woman, her Second Amended Complaint still fails to state a claim for disparate treatment sex discrimination.

Further, to the extent Plaintiff seeks to rely on the alleged comments made about her children's biological parentage, as explained by this Court "stray remarks and unconnected, coincidental circumstances do not satisfy this element of the prima face case." See Memorandum of Honorable Michael M. Baylson, Dkt. No. 21 (citing Greene v. V.I. Water & Power Auth., 557 F. App'x 189, 196 (3d Cir. 2014)).

In the absence of facts that would support the legal conclusion that this individual was similarly situated to her in all relevant respects, Plaintiff's Second Amended Complaint fails to

state a claim under the pleading standards articulated in <u>Iqbal</u> and Counts VII and VIII of Plaintiff's Second Amended Complaint for gender/sex discrimination must be dismissed, with prejudice. <u>Id.</u>

### III.  CONCLUSION

Plaintiff's Second Amended Complaint fails to state plausible claims for sex discrimination because it does not include facts from which this Court could reasonably infer that her termination or furlough occurred under circumstances that give rise to an inference of discrimination on the basis of sex. This is Plaintiff's Second Amended Complaint, which demonstrates virtually no changes pertaining to the sex discrimination claims. Thus, Counts VII and VIII of Plaintiff's Second Amended Complaint must be dismissed in their entirety, *with prejudice*.

Respectfully Submitted,

SUSANIN, WIDMAN, & BRENNAN, P.C.

Dated: November 21, 2022        By: _____
Jennifer S. Abrams, Esquire
jabrams@swbcounsellors.com
1001 Old Cassatt Road, Suite 306
Berwyn, PA 19312
Tel: (610) 710-4510
*Attorney for Defendant*